IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JORGE ALBERTO GRANADOS-RIVERA,**

    **Plaintiff,**

**v.**                                              **No. CV 15-0275 JCH/LAM**

**J. FRAWNER, et al.,**

    **Defendants.**

## SECOND ORDER TO CURE DEFICIENCY

**THIS MATTER** is before the Court *sua sponte*. Plaintiff was incarcerated when he submitted his civil rights complaint [*Doc. 1*] and **Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915** *(Doc. 2)*. By order entered on April 8, 2015, the Court ordered Plaintiff to submit the required certified copy of his inmate account statement for the 6-month period immediately preceding his initial filing. [*Doc. 4*]. Plaintiff has not complied with the order (*see Doc. 8*), and, according to the case docket, he has subsequently either been released from custody or transferred to an immigration detention center (*see Docs. 7* and *10*). Either way, the Court will require Plaintiff to submit an amended § 1915 application. *See Holmes v. Hardy*, 852 F.2d 151, 153 (5th Cir. 1988) ("[P]ast decisions regarding one's pauper status are not determinative of one's *present* financial condition."), *quoted in Scherer v. Kansas*, No. 07-3084, 263 Fed. Appx. 667, 669, 2008 WL 313191 (10th Cir. Feb. 4, 2008) (unpublished). In addition, the fee provisions of the PLRA requiring an inmate to pay a percentage of the balance of his inmate account, found at 28 U.S.C. § 1915(b), no longer apply to Plaintiff because he has been released from custody, even if he has been transferred to an immigration detention center. *See Cohen v. Clemens*, No. 08-1394, 321 Fed. Appx. 739, 743, 2009 WL 921156 (10th

Cir. April 7, 2009) (unpublished) (explaining that "the provisions of the PLRA do not apply to [Plaintiff], because he is an alien detainee in immigration custody, and not a 'prisoner' under the statute. . . .  Therefore, the fee provisions of the PLRA do not apply to his petition") (citations omitted).  Failure to comply with this order within twenty-one days may result in denial of Plaintiff's motion for leave to proceed under 28 U.S.C. § 1915 [*Doc. 2*] without further notice. *See Lemons v. K.C. Mo. Police*, No. 05-1254, 158 Fed. Appx. 159, 160, 2005 WL 3388580 (10th Cir. Dec. 13, 2005) (unpublished) ("The district court does not abuse its discretion in denying IFP status for failure to fill out the proper forms or to otherwise provide the district court with the requisite information.") (citation omitted).

**IT IS THEREFORE ORDERED** that, **within twenty-one (21) days from entry of this order**, Plaintiff must file a properly completed Application to Proceed in District Court Without Prepaying Fees or Costs, and the Clerk shall mail to Plaintiff a form application with a copy of this Order.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**